UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

JANSSEN SMALLS,

                Defendant.

18-cr-665 (PKC)

ORDER

CASTEL, Senior District Judge:

On November 4, 2019, defendant was sentenced principally to a term of imprisonment of 92 months. (Minute Entry; ECF 55.)

Defendant wrote to the Court, proceeding pro se, seeking a sentencing reduction pursuant to Amendment 821 to the Sentencing Guidelines which went into effect on November 1, 2023 and applies retroactively. (ECF 70.) The United States Probation Department issued a report (the "Supplemental PSR") indicating that defendant is eligible for a sentence reduction. The Court directed the government to respond to the Supplemental PSR and invited defendant's attorney to reply on behalf of defendant. (ECF 71.)

As the Supplemental PSR explains, defendant is eligible for a "Status Point" recalculation because he received an enhancement at the time of his original sentencing for committing the offense while under a criminal justice sentence.[1] Defendant's original subtotal criminal history score was 5, and pursuant to U.S.S.G. § 4A1.1(e), zero criminal history points should be added if the defendant has 6 or fewer criminal history points regardless of status.

---

[1] Defendant is precluded from the "Zero-Point Offender" reduction because he did not have zero criminal history points at the time of sentencing, as explained in the Supplemental PSR.

1

Defendant's amended Total Criminal History Points is therefore 5, and his amended Criminal History Category is III.  His Total Offense Level remains 26.

The Guideline range at the time of defendant's original sentencing was 92 months to 115 months.  His amended Guideline range is 78 months to 97 months.

Defendant was originally sentenced at the bottom of his original Guideline range—92 months.  Defendant now seeks a reduction to the bottom of his amended Guideline range, which is 78 months.  (ECF 72 at 2.)  The government concedes that defendant qualifies for a sentence reduction but urges the Court to deny defendant's motion.  (ECF 76 at 3.)

The government emphasizes the seriousness of defendant's conduct—he pleaded guilty to Hobbs Act Robbery, during which he shot an individual, as well as being a felon in possession of a firearm—and argues that his original sentence of 92 months is justified.  (Id.)  The government also notes, as does the Supplemental PSR, that defendant has received several disciplinary sanctions during his incarceration.  (Id.)  Defendant acknowledges these disciplinary infractions but also notes that he has completed several educational programs, work assignments, and the NRDAP program while he has been incarcerated.  (ECF 72.)  Defendant also points out that the most serious infraction, possession of a dangerous weapon and possession of drugs, took place more than three years ago, in February 2021.  (Id.)  The government describes the positive steps defendant has taken during his incarceration as "commendable" but argues that they do not warrant a reduction in his sentence.  (ECF 76 at 4.)

Even where a defendant is eligible for a sentencing reduction, a court has the discretion not to reduce the sentence if it is not warranted under the sentencing factors laid out in 18 U.S.C. § 3553(a).  See § 1B1.10 Application Note 1(B)(i).  The Court may also "consider post-sentencing conduct of the defendant that occurred after imposition of the term of

imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." Id. at Application Note 1(B)(iii).  Under the Policy Statement found at Guidelines § 1B1.10(b)(2), if the Court determines that a reduction in sentence is warranted, the reduction in a case such as this may not be "less than the minimum of the amended guideline range. . . ."

In this instance, the bottom of defendant's amended Guideline range is 78 months' imprisonment.  As noted, defendant was originally sentenced to the bottom of the then-applicable Guideline range: 92 months.  His projected release date is September 20, 2025.[2]

The Court declined at the time of sentencing to impose a below-Guideline sentence, which defendant sought.  (ECF 56 at 8.)  The Court noted during sentencing that defendant was only twenty-six years old but had two prior convictions and committed the instant offense conduct "a year to the day from when he was paroled" on his prior conviction.  (Id. at 16-17.)  The Court also noted defendant's difficult upbringing, his graduation from high school, and his completion of some college.  (Id. at 17.)

The Court considered, among other factors, that "[r]obbing and shooting somebody is conduct that is deserving of just punishment," as well as the need to protect the public from further crimes of the defendant.  (Id.)  The Court also noted that there was a risk of the defendant reoffending and a need to deter others.  (Id. at 17-18.)  Finally, the Court considered that defendant's co-defendant, Matthew Sprull, had received a sentence of principally 92 months imprisonment, and, noting that the Court must avoid unwarranted sentencing disparities, the Court observed that it was "not aware of any facts on this record that are of such

---

[2] https://www.bop.gov/inmateloc (last visited June 4, 2024).

importance and significance that they would call for a sentence substantially below the sentence Mr. Sprull received for this conduct and, as is not disputed, it was Mr. Smalls who had the firearm and discharged that firearm, which is a polite way of saying shot the person." (Id. at 18.)

The Court has considered each of the factors set forth in section 3553(a) and need not recount all that it has considered.

The need to protect the public from further crimes of this defendant has somewhat dissipated with his improvement in behavior during his incarceration. The need to impose just punishment for these serious offenses, to promote respect for law, and to deter others from committing similar crimes, however, tilts against a substantial sentence reduction.

It is hereby ORDERED that the defendant is eligible for a sentence reduction under Amendment 821 and the motion (ECF 70) is GRANTED to the extent that the term of imprisonment is reduced from 92 months to 87 months with all other terms and conditions of the original judgment remaining in place. The reduction is effective as of June 14, 2024.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:   New York, New York
         June 4, 2024